Military fay; allowances; transfortation of household goods. — Plaintiff’s petition filed August 5, 1965, seeks reimbursement for freight charges paid to a private carrier in 1963 for shipping his household goods from an Army storage depot in Illinois to his home in Maryland and for $1,180 representing the replacement value of household goods which the Army refused to ship at Government expense. Plaintiff was separated from the military service in February 1957. Defendant has moved to dismiss the petition on the ground that the claim, if any, accrued more than six years prior to the *1277 filing of the petition and is therefore barred under 28 U.S.C. §2501, and that in any event the claim is barred by the one-year limitation provided for in the Joint Travel Regulations for the Uniformed Services, Change 54, dated January 1, 1957, ¶ 8009, Shipment of Household Goods, which provision states that entitlement to shipment at Government expense terminates where the household goods are not turned over to a transportation officer or to a carrier for shipment within one year following separation from the service or relief from active duty. Since plaintiff was separated from the service in February of 1957, under the regulation he would have had to initiate the shipment by February of 1958. Plaintiff made no effort to move his furniture until some time after the one-year period had expired. Upon consideration of defendant’s motion, together with opposition thereto and without oral argument, the court concluded that plaintiff’s claim was barred under the limitation provided in the joint travel regulation and under the statute of limitations applicable to claims in this court, 28 U.S.C. §2501, and on January 24, 1966, it was ordered that the petition be dismissed.